RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>RONALD LALLATIN,<br><br>    Defendant. | Case No. 1:17-cr-00020-BLW<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Rafael M. Gonzalez, Jr., Acting United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, submits the following memorandum setting forth the Government's position at sentencing.  The Government recommends that the Court sentence the defendant to a term of imprisonment of 70 months.

### BACKGROUND

The defendant pleaded guilty pre-indictment to an information charging Possession of Child Pornography and a forfeiture allegation.  Neither party filed objections to the Presentence Investigation Report (PSR).  The defendant's guideline range is 78-97 months.

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1)　Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2)　Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3)　If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4)　Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

### I.　Statutory Maximum and Minimum Sentence

The maximum sentence for Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) is imprisonment for up to 20 years, a $250,000 fine, a term of supervised release of not less than 5 years, nor more than life, and a $5,100 special assessment.

### II.　United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

#### A.　Offense Level Calculation

The PSR calculated the defendant's total offense level as 28.

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

   B. <u>Criminal History Calculation</u>

The PSR calculated the defendant's criminal history category as I.

   C. <u>Advisory Guideline Range</u>

The resulting advisory guideline range is 78-97 months.  The Court commonly grants a two-level departure to eliminate the two-level enhancement for use of a computer, which would reduce the defendant's guideline to 63-78 months.  While the Government does not normally object to this departure, the facts of this case are somewhat unique due to the number of sexually explicit images and videos possessed by the defendant, and the number of electronic devices they were saved on.  The Government simply requests the Court weigh those facts in determining the extent of any departure.

<u>**IMPOSITION OF SENTENCE**</u>

**I.**  <u>**Imposition of a Sentence under 18 U.S.C. § 3553**</u>

   A. <u>18 U.S.C. § 3553(a) factors</u>

     1. <u>The nature and circumstances of the offense</u>

In December of 2015, the defendant downloaded a sexually explicit video, depicting a prepubescent child engaged in sexually explicit conduct, from an online forum dedicated to the advertisement, distribution and production of child pornography.  As a result, Homeland Security Investigations (HSI) served a search warrant at the defendant's residence.  During an interview with HSI agents, the defendant admitted to the following:

- That he possessed child pornography on his computers and knew it was illegal;

- That he fantasized about sexual acts depicted in child pornography "for as long as he could remember;"

- That he had viewed child pornography since the early 2000's;

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

- That he masturbated to child pornography on a daily basis.

HSI agents seized a laptop and approximately 17 digital storage devices. Ten devices contained child pornography, consisting of 6,484 images depicting children engaged in sexually explicit conduct, and 937 videos depicting children engaged in sexually explicit conduct. The images of child pornography the defendant downloaded and saved included images of victims as young as toddler-age, and depicted sadistic and masochistic abuse. Among these images, the National Center for Missing and Exploited Children identified 8,472[1] images and 253 videos, which contained known, identifiable victims from 253 known series of child pornography.

The defendant's offense is undoubtedly serious. As the Fifth Circuit explained, consumers of child pornography, such as the defendant, "victimize the children depicted in child pornography by enabling and supporting the continued production of child pornography, which entails continuous direct abuse and victimization of child subjects." *United States v. Norris*, 159 F.3d 926, 930 (5th Cir. 1998). Similarly, the Third Circuit also recognized:

> Congress found little distinction in the harm caused by a pedophile, be he a distributor or mere consumer in child pornography, because the mere "existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children.

*United States v. MacEwan*, 445 F.3d 237, 250 (3rd Cir. 2006) (citation omitted).

"Child pornography invariably produces great shame and guilt in the children involved, especially as they get older and more fully comprehend the enormity of their abuse and know that there is a permanent record of their degradation." Dr. Victor B. Cline, Pornography's Effects on Adults & Children, Morality in Media (2001). Thus, "the 'victimization' of the children involved does not end when the pornographer's camera is put away." *Id*. The Supreme Court

---

[1] Some of the images were duplicates.

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

agrees that a market for child pornography "inevitably" leads to the sexual abuse of children. *Osborne v. Ohio*, 495 U.S. 103, 109-11 (1990).

The number of images and videos of child pornography possessed by this defendant is staggering.  The guideline enhancement for number of images has a ceiling of 600 or more.  *See* U.S.S.G. § 2G2.2(b)(7)(D).  Because each video counts for 75 images[2], the defendant possessed a total of almost 78,000 images, or 129 times the amount necessary for the maximum guideline enhancement.  Amassing such a large collection of pornography requires significant time and effort.  For the defendant, it also required obtaining a large number of electronic storage devices.  Although virtually all child pornography cases now involve the use of a computer, the defendant's crime is unique because of the extensive effort required to obtain and keep such a large collection.  Undoubtedly such a collection would not be possible if not for the ability of the computer to download and store mass amounts of digital data.

The defendant's conduct deserves a significant punishment.  The victimization of children for sexual purposes is an egregious and despicable offense.  The possession of this number of images and videos re-victimizes those children.  This is especially true of videos, which are appalling in their detail of the suffering the children endure.  The defendant possessed videos that showed children being subjected to sadistic and masochistic conduct, and images of children as young as toddler-age being sexually abused.

The number and nature of the images and videos possessed by the defendant makes this case more serious than the average child pornography possession case.  Given these facts, the defendant's request for a sentence of 12 months and a day – the equivalent of a 15-level downward departure – is extremely unreasonable.  As detailed below, such a sentence would

---

[2] *See* U.S.S.G. § 2G2.2 (n. 6(B)(ii)).

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

create an unwarranted sentencing disparity from offenders in the District of Idaho who are similarly situated.

The defendant argues that he did not distribute or produce the images. The Government agrees. Had he done so, his guideline and potential sentence would be significantly higher. He also argues that courts often vary below the guidelines in child pornography possession cases. However, in the District of Idaho, a departure like the one requested by the defendant is out of the norm, especially under these egregious facts.

The Government submits a sentence of 70 months – the mid-range of the guideline after a 2-level departure – is sufficient, but not greater than necessary, to reflect the seriousness of the defendant's offense. Such a departure would recognize that, although virtually all child pornography possession cases involve a computer, the nature and number of images possessed by the defendant in this case makes it uniquely egregious.

2.    <u>The history and characteristics of the defendant</u>

The defendant is 61 years old, and this is his first criminal conviction. However, by his own admission, he fantasized about the sexual abuse of children "for as long as [he] can remember." He viewed child pornography for well over a decade and admitted to masturbating to the images daily. Thus, his criminal conduct was not a single episode, but rather a long-term issue.

The Government acknowledges that the defendant's upbringing included some difficulty surrounding his mother. However, his mother passed approximately 27 years ago. Though the defendant suffers from some mental health issues, his history suggests he understood his conduct was wrong, and the defendant acknowledges as much in his memorandum. Much of his mental health issues arose after his contact with law enforcement in this case.

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**

The defendant's characteristics include a sexual attraction to children, despite his claim to the contrary. Dr. Lisota's opinion that the defendant is not sexually attracted to children is inconsistent with the evidence in this case. It appears that Dr. Lisota draws this conclusion based on the defendant's self-disclosures during his evaluation. He does not, however explain why those self-serving disclosures should carry more weight than the defendant's statements made to law enforcement against his interests.

Specifically, the defendant's statements that (1) he fantasized about sexual acts depicted in child pornography "for as long as he could remember," (2) that he had viewed child pornography for well over a decade, and (3) that he masturbated to child pornography on a daily basis, all evidence his sexual attraction to children. To say that the defendant is not sexually attracted to children, when he masturbates daily to images of children engaged in sexually explicit conduct, is a head-scratcher, to put it mildly. Individuals without a sexual interest in children are repulsed by child pornography, not aroused by it.

Finally, the defendant's possession of a child pornography collection that is extreme in both size and deviancy, is objective evidence of his sexual attraction to children. The government submits that the defendant has a sexual attraction to children. Sex offender treatment in prison, and during the term of supervised release, will promote rehabilitation and decrease the chances of the defendant reoffending.

       3.    <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

The possession of images of child pornography, especially images depicting toddlers and sadistic and masochistic conduct, is a serious offense that must be punished. "An offender's pornography and erotica collection is the single best indicator of what he wants to do." Kenneth V. Lanning, Office of Juvenile Justice and Delinquency Prevention, Child Molester: A

**GOVERNMENT'S SENTENCING MEMORANDUM - 7**

Behavioral Analysis – for professionals investigating the sexual exploitation of children, 107 (5TH ED. 2010).[3]

Courts have consistently considered the nature of the images in deciding the appropriate sentence. *See*, e.g., *United States v. Clogston*, 662 F.3d 588, 593 (1st Cir. 2011); ("Given the numerous images of very young girls in the appellant's possession, the [district] court was entitled to ponder, and to pass informed judgment on, questions such as whether he could conform his future actions to the norms of society and whether he posed a risk to young girls."); *United States v. Aumais*, 656 F.3d 147, 157 (2d Cir. 2011) ("[G]iven the violent nature of the images, the number of them, and other considerations,... [t]he sentence is substantively reasonable."); *United States v. Cunningham*, 680 F.Supp.2d 844, 861 (6th Cir. 2012); (affirming sentence where district judge reviewed all of the images to judge the defendant's conduct, and considered, as "the nature of those images, the age of the children, [and] the conduct depicted in the images" along with the other 3553 factors). A 70 month sentence would reflect the seriousness of the offense, promote respect for the law, and provide a just punishment.

    4.    <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

In cases involving the sexual exploitation of children, protection of the public is paramount. The defendant's risk of recidivism is underscored by the findings of Congress, the courts, and researchers:

> Congress has repeatedly reiterated that recidivism rates are particularly high for child sex offenders. *See* Blaisdell, Krista, Note, Protecting the Playgrounds of the Twenty-First Century: Analyzing Computer and Internet Restrictions for Internet Sex Offenders, 43 Val. U. L. Rev. 1155, 1192, n. 150 (2009) (compiling Congressional statements regarding the high risk of recidivism among child sex offenders). Similarly, the Eleventh Circuit has noted that "child sex offenders have appalling rates of recidivism and their crimes are under-reported." *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008). In addition, one study of

---

[3] http://www.missingkids.com/en_US/publications/NC70.pdf

**GOVERNMENT'S SENTENCING MEMORANDUM - 8**

sex offenders found an overall recidivism rate of 31.7%. Kingston, Drew, et al., Pornography Use and Sexual Aggression: The Impact of Frequency and Type of Pornography Use on Recidivism Among Sexual Offenders, Aggressive Behavior, Volume 34 (2008)[]. The predicted odds of recidivism increased by 177% among the offenders that viewed deviant pornography, such as child pornography. Moreover, the predicted odds of violent recidivism, including sexually violent recidivism, increased by 185% for this group. The predicted odds of any type of sexual recidivism increased by 233% for the group that admitted to viewing deviant pornography. This increased risk of recidivism among sexually deviant offenders has also been found in earlier studies, including a meta-study from 1996. *See* Hanson, R. Karl, and Monique Bussiere, Predictors of Sexual Recidivism: A Meta-Analysis[].

*Cunningham*, 680 F.Supp.2d at 855 (Internet citations omitted). This Court should take the defendant's risk of recidivism into account when fashioning a sentence. The sentence in this case should include a recommendation that the defendant complete a Sex Offender Management Program.

5. <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Bureau of Prisons (BOP) can provide the defendant with a sex offender treatment program. *See* https://www.bop.gov/policy/progstat/5324_010.pdf. BOP has management programs located throughout the United States, at facilities with differing security levels. If the defendant is designated to a BOP facility offering such a program, then sentencing the defendant within the applicable Guideline range would allow him time to participate in such treatment, assuming that he volunteers for the program and makes good faith efforts at participation.

6. <u>The kinds of sentences available</u>

Since the guideline range is in Zone D of the Sentencing Table, the guidelines provide that the minimum term must be satisfied by a term of imprisonment. *See* U.S.S.G. § 5C1.1(f).

7. <u>The established sentencing range</u>

The guideline range is 78-97 months.

**GOVERNMENT'S SENTENCING MEMORANDUM - 9**

8.     <u>Any pertinent policy statements</u>

The Government has not identified any pertinent policy statements applicable to this case.

9.     <u>The need to avoid unwarranted sentence disparities</u>

The Government submits that a sentence of 70 months would not result in any unwarranted sentence disparities among defendants similarly-situated. The sentence requested by the defendant, 12 months and a day, would create an unwarranted sentence disparity. While the Government recognizes that each case is unique, this Court should consider the sentences of the following five defendants for possession of child pornography in the District of Idaho in the past year:

- *United States v. Patrick Jewell*, 1:16-cr-00016-BLW (63 months for possession of 61 images of child pornography);

- *United States v. Richard Sexton*, (63 months for possession of 360 images and 40 videos of child pornography);

- *United States v. Allen Ebel*, 1:16-cr-0148-EJL (48 months for possession of 4,688 images and 31 videos of child pornography);

- *United States v. Troy Paul*, 1:16-cr-00172-EJL (30 months for possession of 22 images of child pornography);

- *United States v. Casey Gibson*, (30 months for possession of 11 images and 1 video of child pornography).

Each of these five cases involve similar facts to this case: law enforcement served a search warrant at the defendant's residence, seized computers, and discovered child pornography. None had significant criminal histories. While there was evidence that defendants

**GOVERNMENT'S SENTENCING MEMORANDUM - 10**

Jewell and Gibson distributed some images, the others did not, and none of these defendants were involved in the production of the images.  Finally, none of these defendants possessed anywhere near the number of still images (with the exception of defendant Ebel), or videos possessed by the defendant.

A sentence less than every one of these defendants, when this defendant possessed a significantly larger amount of child pornography, is unwarranted.  A sentence of 70 months is warranted when comparing the defendant's conduct with the conduct of each of these defendants, and the sentence they received.

> 10.    The need to provide restitution to any victims of the offense

The defendant, to his credit, has agreed to pay $1,000 in restitution to each of the six victims identified by NCMEC that requested restitution.  The Government requests the Court order $6,000 in restitution, as reflected in the PSR.

> B.   Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The Government's recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing.  The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence.  *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).  It remains, however, that "the Commission fills an important institutional role:  It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise."  *Id.* at 108-09 (internal quotation marks omitted).  Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'"  *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

**GOVERNMENT'S SENTENCING MEMORANDUM - 11**

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984.  Reference to the guidelines, while carefully considering the 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments.  Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect.  The Government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness.  A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders.  Moreover, there are no other 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the 3553(a) factors on balance support the imposition of the recommended guidelines sentence.  Accordingly, the Government recommends a within-guideline sentence of 70 months.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 70 months for the defendant's commission of the crime of Possession of Child Pornography.  The Government submits that a guideline sentence of 70 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and is supported by application of the 18 U.S.C. § 3553(a) factors.

**GOVERNMENT'S SENTENCING MEMORANDUM - 12**

Respectfully submitted this 21st day of June, 2017.

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:


*/s/ Justin D. Whatcott*
JUSTIN D. WHATCOTT
Assistant United States Attorney




## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2017, the foregoing **GOVERNMENT'S**

**SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using

the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Melissa Winberg<br>Federal Defender Services of Idaho<br>702 W. Idaho St., Suite 1000<br>Boise, Idaho 83702<br>Melissa_Winberg@fd.org | ☐ United States Mail, postage prepaid<br>☐ fax<br>☐ ECF filing<br>☒ email |



*/s/ Kate Curtis*
Legal Assistant




**GOVERNMENT'S SENTENCING MEMORANDUM - 13**