UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>RONALD LALLATIN,<br><br>                    Defendant. | Case No. 1:17-cr-00020-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Pending before the Court is Defendant Ronald Lallatin's Motion for Early Termination of Supervised Release (Dkt. 40). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court denies the motion.

### BACKGROUND

In 2017, the Court sentenced Lallatin to sixty months' imprisonment and five years of supervised release for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Lallatin served his custodial term and began supervision in November 2021, following halfway-house placement.

He now seeks early termination under 18 U.S.C. § 3583(e)(1), citing full compliance with supervision, successful completion of treatment, stable residence with his sister, and positive community ties. The government opposes, arguing that the § 3553(a) factors continue to support ongoing supervision given the seriousness and duration of his prior conduct.

**MEMORANDUM DECISION AND ORDER - 1**

**LEGAL STANDARD**

A court may terminate a term of supervised release "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In exercising this discretion, courts consider the pertinent § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, deterrence, protection of the public, and rehabilitation. *United States v. Emmett*, 749 F.3d 817, 819-20 (9th Cir. 2014).

**ANALYSIS**

As set forth below, the Court does not find that Lallatin's successful efforts mean supervision should end. Instead, the interests of justice and Lallatin's ongoing rehabilitation warrants continued supervision.

**A.      The Nature of the Offense Warrants Continued Supervision**

Lallatin's offense was neither brief nor isolated. For well over a decade, beginning in the early 2000s, he downloaded and collected child pornography using the encrypted TOR network, deliberately concealing his activity and engaging in an online community that normalized and reinforced such exploitation. His collection contained thousands of images and hundreds of videos across multiple devices—many depicting prepubescent children—and he admitted to masturbating to them daily.

His conduct also extended beyond the digital realm. He physically entered local laundromats to steal little girls' underwear, which he kept in his residence. These facts, drawn from the Presentence Investigation Report and underscored in the government's briefing, reveal a longstanding, secretive, and deeply ingrained sexual interest in children. The five-year supervision

term imposed in 2017 was proportionate to that conduct and intended to ensure long-term accountability, deterrence, and rehabilitation.

Having succeeded under structured supervision, Lallatin now contends that he no longer needs supervision. The Court disagrees. The scope, secrecy, and persistence of his prior behavior—spanning years and reinforced through deliberate concealment both online and offline—demonstrate why completing the full supervision term remains appropriate.

Lallatin also argues that the Court should not consider his underlying conduct at this stage. The Court disagrees. The factual predicate of the offense informs both the degree of deviation sought and the justification for it. The Court must understand what it would be departing from before exercising its discretion to shorten a supervision term.

## B.    Lallatin's Performance Does Not Warrant Terminating Supervision

The Court commends Lallatin for his compliance. He has maintained stable housing, completed sex-offender treatment, and remained violation-free. His supervising officer reports that he "has done everything that has been asked of him" and notes "success on supervision"(Dkt. 40 at 5). He appears to have reintegrated well into his household and community, assisting his sister with expenses and maintenance and helping neighbors with home projects (Dkt. 40-1).

Compliance, however, is expected of every person under supervision. It shows that the system is functioning as intended, not that it has outlived its purpose. Moreover, supervised release is not solely punitive; it serves the forward-looking purposes of promoting accountability, supporting rehabilitation, and protecting the public. These goals appear to be working here. Lallatin has benefitted from the structure and stability supervision provides, and the community has benefitted from his progress. It would be counterintuitive to terminate supervision precisely because it has been effective.

MEMORANDUM DECISION AND ORDER - 3

The Court agrees that Lallatin is not "alone." He has meaningful family and community connections. Accountability, however, is an essential part of that support network. Continued supervision ensures that Lallatin's reintegration remains stable, verifiable, and supported by the appropriate safeguards.

Lallatin also cites several cases—some from this district and three from district courts in Michigan—to suggest that early termination promotes sentencing uniformity. Those cases— *United States v. Merrill*, 615 F. Supp. 3d 626 (E.D. Mich. 2022); *United States v. Laszlo*, No. 2:16-cr-20501 (E.D. Mich. June 24, 2019); *United States v. Johnson*, No. 1:14-cr-20437 (E.D. Mich. June 6, 2019)—represent narrow, fact-specific outcomes from a single out-of-circuit district, not a nationwide consensus or persuasive authority binding on this Court. Likewise, his informal survey of other early-termination motions filed by his counsel does not alter the individualized nature of this determination.

The Court does not hold that early termination is "rare" or "never" warranted for defendants convicted of child-pornography offenses. Rather, its holding is limited to the facts here: Lallatin has not demonstrated compelling circumstances to justify ending supervision. Continued oversight remains warranted by his conduct and in the interests of justice.

## ORDER

**IT IS ORDERED** that Defendant's Motion for Early Termination of Supervised Release (Dkt. 40) is **DENIED**.

DATED: October 28, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**